MANTLE, APPELLANT, *v.* LARGEY, RESPONDENT.

[Submitted October 24, 1894.   Decided November 8, 1894.]

APPEAL—*Notice—Service.*—The particular provision of section 422 of the Code of
Civil Procedure permitting service of a notice of appeal " on the adverse party
or his attorney" prevails over the general provision of section 492 that, in all
cases where the party has an attorney, the service of papers shall be upon the
attorney instead of the party, and in such case service of the notice upon the
respondent personally is sufficient.

*Appeal from Second Judicial District, Silver Bow County.*

ON motion to dismiss appeal.

*F. T. McBride,* for the motion.

*Corbett & Wellcome, Contra.*

Per CURIAM.—Respondent moves the dismissal of this ap-
peal, because the notice of appeal was not served on respond-
ent's attorney of record in the action, but instead was served
on respondent personally.

Section 492 of the Code of Civil Procedure provides that:
" In all cases where the party has an attorney in the action or
proceeding the service of papers, when required, shall be upon
the attorney instead of the party, except of subpœnas, writs,
and other process issued in the suit, and of papers to bring
him into contempt."

But as to service of notice of appeal there is a special pro-
vision of statute to the effect that the notice shall be served
"on the adverse party or his attorney." (Code Civ. Proc.,
sec. 422.)

A familiar rule of construction is, that, when a general and
particular provision of statute are inconsistent, the particular
provision will prevail, and this rule of construction is incorpo-
rated in the Code of Civil Procedure by the provisions of sec-
tion 631.

Therefore, in our judgment, the particular provision of
section 422, relating especially to the service of the notice of
appeal, and providing that service thereof may be made on the

adverse party personally, or on his attorney, would make the service in this case of notice of appeal on respondent sufficient. Motion to dismiss is therefore denied.

All concurred.